UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Jeremy Hayes, individually, and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>Financial Business and Consumer Solutions, Inc. D/B/A FBCS, Inc.<br>330 S. Warminster Road, Suite 353<br>Hatboro, Pennsylvania 19040<br><br>**SERVE**:<br>Kentucky Secretary of State<br>700 Capital Ave., Ste. 152<br>Frankfort, Kentucky 40601<br><br>    Defendant. | Cause No.  3:19-cv-62-RGJ<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

*** *** *** *** ***

The Plaintiff, Jeremy Hayes, by counsel, for his Complaint against Defendant, Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc., states as follows:

## INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "***FDCPA***"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

## JURISDICTION AND VENUE

2. Plaintiff a resident of Louisville, Jefferson County, Kentucky.

3. Plaintiff is a "*consumer*" as that term is defined in the FDCPA with respect to the matters referred to herein.

4. Defendant, Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc. ("*FBCS*") is a Pennsylvania corporation with a principal executive office at 330 S. Warminster Road, Suite 353, Hatboro Pennsylvania, 19040.

5. At all pertinent times herein, in this judicial district, Defendant, FBCS regularly used the mails to collect consumer debts owed or asserted to be owed or due another, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

6. Defendant, FBCS is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters cited herein.

## FACTS

7. On or about January 23, 2018, Defendant, FBCS, sent a letter to Plaintiff via the mails wherein Defendant sought to collect an alleged debt in the amount of $1,425.49, originally allegedly owed to Verizon Wireless.

8. The debt was time barred at the time the letter was mailed.

9. The Defendant made a false or misleading representation when it made a settlement offer on a time barred debt and stated that Plaintiff could make a "down – payment," could have "an opportunity to split your settlement into 3 payments," and offered a "50% discount off your $1,425.49 outstanding balance" on a time barred debt without informing the

Plaintiff that acceptance of a settlement offer or agreement to pay would cause the Plaintiff to lose the protection of the statute of limitations.

10. In the January 23, 2018 letter, the Defendant made a false or misleading representation when they attempted to collect a time barred debt and included an improper and confusing time barred notice and placed the notice on the back of the letter so that the Plaintiff would be less likely to see said notice.

11. In the January 23, 2018 letter, the Defendant made a false or misleading statement when it included a deficient time-barred notice that stated "The law limits how long you can be sued on a debt. Because of the age of your debt, out client will not sue you for it."

12. In the January 23, 2018 letter, the Defendant threatened to take action it could not lawfully take or that it did not intend to take and conveyed a false sense of urgency. To wit, in the letter, Defendant stated that, "FBCS, Inc. is not obligated to renew this offer."

13. As a result of the Defendant's conduct, as herein alleged, Plaintiff has been damaged, entitling him to pursue a private cause of action against Defendant for actual and statutory damages, plus attorney's fees and costs.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692F

14. In connection with the collection of the subject debt, Defendant used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia,* seeking to collect time-barred debts that were not authorized by agreement or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

15. As a result of the violation, Plaintiff suffered actual damages, including confusion, inconvenience, emotional distress, embarrassment, humiliation, anxiety, and stress.

16. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

17. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692E

18. In connection with the collection of the subject debt, Defendant used false or misleading representations, in violation of 15 U.S.C. §1692e. To wit, in their letter, Defendant failed to adequately disclose that the debt was time-barred and conveyed a false sense of urgency.

19. As a result of the violation, Plaintiff suffered actual damages, including confusion, inconvenience, emotional distress, embarrassment, humiliation, anxiety, and stress.

20. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

21. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## CLASS ALLEGATIONS

22. Plaintiff files this action as a class action on behalf of himself and all individuals who received a letter in the mails from FBCS seeking to collect a debt mailed during the period commencing one-year before the filing of this action to the filing of this action which included the following disclosure on the reverse side of the letter: "The law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it."

23. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and all others similarly situated with the Class defined as follows: All individuals who received a letter in the mails from FBCS seeking to collect a debt, mailed during the period commencing one-year before the filing of this action to the filing of this action which included the following disclosure on the reverse side of the letter: "The law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it."

24. Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members is unknown to Plaintiff, but upon information and belief, the number of individuals within the Class may exceed 200. The true number of Class members is likely to be known to Defendant.

25. There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff and all Class members received from Defendant dunning letters that failed to comply with the requirements of the FDCPA. The factual basis of Defendant's conduct is common to all Class members and resulted in injury to all Class members.

26. The questions of law and fact in this case are common to Plaintiff and Class members and include the following:

    a. Did the Defendant make misleading statements in its letters to the Plaintiff and the Class Members?

    b. Did the Defendant seek to collect amounts not authorized by agreement or permitted by law in its letters to Plaintiff and the Class Members?

    c. Did the Defendant fail to comply with the requirements of the FDCPA?

27. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with experience in FDCPA claims and complex litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class they represent and have the financial resources to do so. Neither Plaintiff nor counsel has any interest adverse to those of the Class.

28. Plaintiff and members of the Class have suffered and will continue to suffer harm and damage as a result of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the vast majority of the Class members would likely find the cost of litigating their claims prohibitive and would have no effective remedy at law. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and litigants and promote consistency and efficiency of adjudication.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Jeremy Hayes and the putative Class, by counsel, request this Court to:

      a.      Certify the Plaintiff's Class, appoint Plaintiff as Class Representative, and appoint undersigned counsel as counsel of record as Class counsel;

      b.      Enter judgment against FBCS to compensate Plaintiff and the Class Members for their actual damages sustained as set forth in above Counts.

      c.      Enter judgment against FBCS under the above Counts for statutory damages for the Plaintiff and for each member of the Class.

      d.      Enter judgment against FBCS for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

      e.      Conduct a trial by jury on all issues so triable.

      f.      Enter an order temporarily and permanently enjoining FBCS from future similar violations of the FDCPA.

      g.      Enter an order awarding attorneys' fees and costs herein incurred against and FBCS.

      h.      Grant any and all other relief to which the Court deems appropriate.

Respectfully submitted,

TAYLOR COUCH PLLC

/s/ *Nina B. Couch*
Nina B. Couch
Zachary L. Taylor
130 Saint Matthews Avenue, Suite 301
Louisville, Kentucky 40207
(502) 625-5000
ncouch@taylorcouchlaw.com
zataylor@taylorcouchlaw.com